# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DOUGLAS M. READY,

                **Plaintiff,**

-vs-                                                  Case No.   06-C-773

SCOTT MCCALLUM, MATTHEW J. FRANK,
WARDEN JUDY P. SMITH, DEPUTY FRED NELSON,
TOM EDWARDS, and JON E. LITSCHER,

                **Defendants.**

# ORDER

Plaintiff Douglas M. Ready, a Wisconsin state prisoner, lodged a pro civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $5.86.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v.*

2

*King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley*, 355 U.S. at 47); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson*, 362 F.3d at 970.

3

The plaintiff is incarcerated at Oshkosh Correctional Institution (OCI). The defendants are Scott McCallum, Matthew Frank, Judy P. Smith, Deputy Fred Nelson, Tom Edwards, and Jon E. Litscher.

According to the complaint, on December 8, 2005, the plaintiff fell down on the ice. He was in "a lot of pain," put on pain pills, taken off the medication, and put on "I-Proin." Since then, the plaintiff has been "in so much pain that I could hardly walk, the pain would control me as I try to deal with the pain, but suffer for a few months 'NOT HAVING A DOCTOR LOOK AT MY SHOULDER' Oshkosh Correctional has a big problem with keeping a Doctor around." (Compl. ¶ 13.) The plaintiff goes on to say, "Nothing has been done to be at ease of my pain of comfort [sic]. Guards don't want to hear or see anything about medical problems. I have sent many request slips in and was avoided, I have almost been put into the segregation of trying to get some medical help. Something is wrong with my shoulder I have lost most of my stranth [sic], from the top of shoulder to my elbow is num[b], and stings a lot." (*Id.*) The plaintiff alleges that there is not enough medical staff at OCI to care for all of the inmates there. He further alleges that prison guards and other non-medical officials intentionally deny and delay the plaintiff's access to medical treatment. The plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate

4

indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *see also Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir. 2000). The court finds that the plaintiff has alleged sufficient facts to support a claim that his Eighth Amendment rights were violated.

## ADDITIONAL MATTERS

The plaintiff has filed two motions to appoint counsel, on July 19 and October 3, 2006. Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992); *McKeever v. Israel*, 689 F.2d 1315, 1318 (7th Cir. 1982). This court is authorized to request, but not to compel (*see Mallard v. United States District Court*, 490 U.S. 296 (1989)), an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1). *Jackson*, 953 F.2d at 1071; *McKeever*, 689 F.2d at 1318. However, this court has no access to funds to compensate attorneys for such representation. This court, therefore, appoints counsel under § 1915(e)(1) only in the rare case where the failure to appoint counsel would be so fundamentally unfair that the plaintiff's due process rights would be violated. *McNeil v. Lowney*, 831 F.2d 1368, 1371 (7th Cir. 1987).

The threshold requirement for appointment of counsel under § 1915(e)(1) is whether a plaintiff has made a reasonable, but unsuccessful, effort to retain counsel, or whether the plaintiff was effectively precluded from making such efforts. *Jackson*, 953 F.2d

5

at 1073. If a plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. *Id.* Once this initial requirement is met, the court, in exercising its discretion with regard to plaintiff's request, must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *See Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

In this case, the plaintiff has provided evidence that he has attempted to obtain legal counsel on his own. However, the issues in this case appear at this stage to be straightforward and uncomplicated. Moreover, the plaintiff's filings indicate that he is capable of litigating this case himself. Therefore, at this time, the court does not believe that the presence of counsel is likely to make a difference in the outcome of this case. Accordingly, the plaintiff's motions for appointment of counsel will be denied.

The plaintiff also requests that the court issue a preliminary injunction ordering the defendants to "pay attention to the medical needs of inmates, having a FULL TIME DOCTOR that has the need to help the inmates, and not putting them on any medications, and to have more communication of what NEEDS to changed about it." (Compl. ¶ 22.) In deciding whether to grant a motion for a preliminary injunction, the court should consider (1) whether the moving party has an adequate remedy at law; (2) whether he will suffer irreparable harm if the preliminary injunction is not issued; (3) whether the irreparable harm he will suffer if the preliminary injunction is not granted outweighs the irreparable harm the

defendant will suffer if the injunction is granted; (4) whether he has a reasonable likelihood of prevailing on the merits; and (5) whether the injunction will not harm the public interest. *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). The moving party's threshold burden is to establish the first and second factors and to show "some likelihood of success on the merits." *Ping v. Nat. Educ. Ass'n*, 870 F.2d 1369, 1371 (7th Cir. 1989) (emphasis in original); *see also Roth v. Lutheran General Hosp.*, 57 F.3d 1446, 1453 (7th Cir. 1995). Once the initial burden is met, the inquiry then becomes a sliding scale analysis of the harm to the parties and the public from the grant or denial of the injunction and the actual likelihood of success on the merits. *Ping*, 870 F.2d at 1371.

At this early stage of the proceedings, the plaintiff has not established the need for injunctive relief in this case. He has not presented any argument or evidence to show that he lacks an adequate remedy at law, or that there is a reasonable likelihood that he will prevail on the merits. Moreover, there is no indication that the plaintiff will suffer irreparable harm if injunctive relief is not granted. Thus, his request for a preliminary injunction will be denied.

### ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket #2) be and hereby is **GRANTED**.

7

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #3) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #8) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's request for a preliminary injunction be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $344.14 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney

General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 27th day of October, 2006.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA
Chief Judge**