# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DOUGLAS M. READY,

               Plaintiff,

v.                                       Case No. 06-C-773

SCOTT MCCALLUM, MATTHEW J. FRANK,
WARDEN JUDY P. SMITH, DEPUTY FRED NELSON,
TOM EDWARDS, and JON E. LITSCHER,

               Defendants.

## ORDER

Plaintiff Douglas M. Ready, who is incarcerated at Oshkosh Correctional Institution, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. On October 27, 2006, the court granted the plaintiff's motion for leave to proceed *in forma pauperis* on an Eighth Amendment deliberate indifference to a serious medical need claim. There are several motions pending, which will be addressed herein.

On November 14, 2006, the plaintiff filed a motion for extension of time. He seeks an extension of ten days "in which to file his brief in this action." However, there is no brief due in this action. Once the defendants have filed a responsive pleading, the court will issue a scheduling order setting deadlines for the completion of discovery and for filing dispositive motions. Thus, the plaintiff's motion will be denied as moot.

On November 16, 2006, the plaintiff filed a petition and affidavit for leave to proceed in forma pauperis. However, the plaintiff is already proceeding *in forma pauperis* in this case. Thus, his petition will be denied as moot.

On December 12, 2006, the defendants filed Suggestion of Death indicating that defendant Fred Nelson died on November 14, 2003. Accordingly, defendant Nelson will be dismissed from this action. *See* Fed. R. Civ. P. 25(a).

Finally, on November 7, 2006, the plaintiff filed a letter to the Office of the Clerk requesting: 1) that Jim Doyle be substituted for defendant Scott McCallum, as governor; 2) that Timothy Douma be substituted for defendant Fred Nelson; and 3) a court order for "certify mail for the plaintiff to send out mail on this case (legal loan will not cover)." The Federal Rules of Civil Procedure provide for automatic substitution for public officers upon separation from office. Fed. R. Civ. P. 25(d). Substituting Wisconsin Governor James Doyle for former Governor Scott McCallum falls under that category and, therefore, the substitution will take effect.

However, the plaintiff has not certified that he has provided counsel for the defendants with a copy of the November 7, 2006, letter, and for that matter, with copies of any of his recent filings. The plaintiff does mention that he cannot afford to send copies to the defendants because his legal loan is limited to $200. However, that is between him and the Wisconsin Department of Corrections (DOC). The court notes that the DOC legal loan provision provides:

> DOC 309.51 Funds for legal correspondence and copying. (1) Correspondence to courts, attorneys, parties in litigation, the inmate complaint review system under ch. DOC 310 or the parole board may not be denied due to lack of funds, except as limited in this subsection. Inmates without sufficient funds in their general account to pay for paper, photocopy work, or postage may receive a loan from the institution where they reside. No inmate may receive more than $200 annually under this subsection,

2
Case 2:06-cv-00773-RTR    Filed 12/26/06   Page 2 of 4   Document 19

> except that any amount of the debt the inmate repays during the year may be advance to the inmate again without counting against the $200 loan limit. The $200 loan limit may be exceeded with the superintendent's approval if the inmate demonstrates an extraordinary need, such as a court order requiring submission of specified documents. The institution shall charge any amount advanced under this subsection to the inmate's general account for future repayment. An inmate may be permitted to retain in the inmate's general account an amount of money specified, in writing, by the bureau of adult institutions that is not subject to repayment of the loan.

Wis. Admin. Code § DOC 309.51(1).

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

## **ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for extension of time (Docket #12) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's petition and affidavit for leave to proceed in forma pauperis (Docket #13) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that defendant Fred Nelson is dismissed from this action.

**IT IS FURTHER ORDERED** that James Doyle be substituted for defendant Scott McCallum.

Dated at Milwaukee, Wisconsin, this 22nd day of December, 2006.

BY THE COURT:

s/Rudolph T. Randa
HON. RUDOLPH T. RANDA
Chief Judge